**Ronald A. ZANELLA, Plaintiff,**

v.

**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Defendants.**

**Civ. A. No. 93–C–1378.**

United States District Court, E.D. Wisconsin.

Jan. 18, 1995.

As Corrected Feb. 16, 1995.

Dennis L. Fisher, Meissner & Tierney, Milwaukee, WI, for plaintiff.

Douglas E. Swanson, Borgelt, Powell, Peterson & Frauen, Milwaukee, WI, for defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

Ronald A. Zanella ("Zanella") contends that Principal Mutual Life Insurance Company ("PML"), as plan administrator of Zanella's welfare benefit plan, failed to identify sections of its plan on which the denial of his long-term disability was based, and failed to inform him of steps necessary to perfect his claim and appeal the denial of benefits. Zanella seeks civil penalties against PML under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, pursuant to § 1132(c).

Zanella filed this lawsuit on December 10, 1993. On October 28, 1994, defendants filed a motion for partial dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Because the pleadings were closed at the time defendants filed their motion, the court shall construe it as a motion for partial judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). This court has jurisdiction under ERISA, 29 U.S.C. § 1132(e). For the following reasons, the court shall deny defendants' motion.

## I. Facts [1]

Zanella, of New Berlin, Wisconsin, has been under contract to sell insurance policies for PML since 1981. As a PML insurance agent, Zanella was a participant in a PML employee welfare benefit plan, for which PML was the plan administrator. In May 1989, Zanella incurred a back injury, and a physician and chiropractor determined that he was physically unable to return to work. (Compl. ¶ 8.) The Social Security Administration has designated Zanella totally disabled, and Zanella maintains that he has remained continuously and totally disabled since May 1989. (*Id.* ¶ 10.)

As a participant in the PML plan, Zanella submitted a claim for total long-term disabili-

ty benefits, which was approved in August 1989. Thereafter, PML informed Zanella it would discontinue his long-term disability benefits in November 1991. In August 1991, Zanella, through his attorney, contacted PML to request all documentation used in the decision to discontinue his benefits. In September 1991, PML sent some documentation to Zanella, but Zanella claims that PML's response did not contain three relevant plan documents required by ERISA. First, Zanella claims the response did not include the basic document describing the PML plan and defining the terms "disability" and "disabled." Second, Zanella maintains that the disability insurance policy sent by PML was not the current policy. And third, he alleges that PML's response did not identify sections of the PML plan on which the denial of further benefits was based, and that it did not inform him of procedures by which he could perfect his claim and submit his claim for review.

Zanella maintains that he subsequently received some but not all required documentation as a result of a state court lawsuit he brought against PML in January 1992 for recovery of benefits. In response to Zanella's request for production of documents, PML sent him the basic plan document in July 1992. But Zanella alleges that PML never sent documents on which the denial of further benefits was based. Zanella claims he is entitled to civil penalties of up to $100 per day for each failure to provide documents and information required by ERISA.

Defendants, in their answer, maintain that Zanella's long-term disability benefits were discontinued because, after November 1989, Zanella's inability to return to work was due to a mental and nervous disorder rather than a physical injury. (Ans. ¶ 8.) PML asserts that the language of its insurance plan permitted the discontinuation of long-term disability benefits based on mental and nervous conditions. PML also denies that it was in any way deficient in responding to Zanella's requests for information.

---

1. For the purposes of resolving motions to dismiss, this court must accept as true the plaintiff's factual allegations and must draw all reasonable inferences from the pleadings in favor of the plaintiff. *Gillman v. Burlington N.R.R.*, 878 F.2d 1020, 1022 (7th Cir.1989).

## II. Analysis

 A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff would not be entitled to relief even if the factual allegations were proven. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Accordingly, this court must accept as true the plaintiff's factual allegations and must draw all reasonable inferences from the pleadings in favor of the plaintiff. *Gillman v. Burlington N.R.R.,* 878 F.2d 1020, 1022 (7th Cir.1989).

 Zanella seeks civil penalties as set forth in 29 U.S.C. § 1132(c) for PML's alleged violations of 29 U.S.C. § 1133 and the implementing regulations at 29 C.F.R. § 2560.503–1(f). Zanella maintains that 29 U.S.C. § 1133 and the implementing regulations at 29 C.F.R. § 2560.503–1(f) required PML, as a plan administrator, to identify sections of its plan on which the denial of further benefits was based, and to inform him of steps necessary to perfect his claim and submit it for review. PML seeks to dismiss Zanella's claim for civil penalties on the ground that, because § 1132(c) articulates requirements for "plan administrators" and § 1133 articulates requirements for "plans," a plan administrator's violation of § 1133 may not result in liability pursuant to § 1132(c). This court concludes, however, that in light of the express reference to duties of plan administrators in the implementing regulations of § 1133 at 29 C.F.R. § 2560.503–1(f), a plaintiff is entitled to seek civil penalties under § 1132(c) for alleged violations of § 1133.

PML contends that because § 1132(c) enumerates ERISA requirements for plan administrators and § 1133 specifies ERISA requirements for plans, Zanella may not allege § 1133 violations while simultaneously seeking civil penalties under § 1132(c). Indeed, ERISA, 29 U.S.C. § 1133, does refer to duties of plans, not plan administrators:

In accordance with regulations of the Secretary, every employee benefit *plan* shall—

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. (emphasis added).

And § 1132(c)(1)(B) refers to the duties of plan administrators, not plans:

> Any *administrator* ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) ... may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal.... (emphasis added).

PML argues that a violation of § 1133 by a plan administrator does not impose § 1132(c) liability on the plan administrator, and PML refers the court to case law outside of the Seventh Circuit to support this proposition.[2]

Within the Seventh Circuit, however, violations of § 1133 by a plan administrator may give rise to liability under § 1132(c). The Seventh Circuit has stated:

> When a claim [for benefits] is denied, § 1133 requires that the administrator provide the participant with an explanation and his reasoning for denying the claim. At this time a request for an explanation can be made and the failure of the administrator to comply with that request would give rise to liability under § 1132(c).

---

**2.** Defendants rely on a Tenth Circuit case, *Groves v. Modified Retirement Plan,* 803 F.2d 109 (10th Cir.1986), which held that a violation of the implementing regulations for § 1133 did not impose liability under § 1132(c) because § 1132(c) imposed sanctions only for failure to fulfill obligations under the subchapter, not the regulations.

*Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 624 (7th Cir.1987). Unlike the plaintiff in *Kleinhans* who neglected to request an explanation for defendants' denial of his benefits, Zanella made numerous requests for an explanation for PML's denial of benefits. Accordingly, the teachings of *Kleinhans* indicate that PML's failure to comply with Zanella's requests under § 1133 and its implementing regulations would give rise to § 1132(c) liability.

As for PML's argument that § 1133 establishes requirements for plans but not administrators, the court observes that while § 1133, on its face, does not refer to plan administrators, its implementing regulations do articulate requirements for plan administrators. The regulation that Zanella alleges was violated, 29 C.F.R. § 2560.503–1(f), states:

> *A plan administrator* ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:
>
> (1) The specific reason or reasons for the denial;
>
> (2) Specific reference to pertinent plan provisions on which the denial is based;
>
> (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>
> (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review. (emphasis added).

With respect to these requirements for plan administrators, the Seventh Circuit has determined that substantial compliance with 29 C.F.R. § 2560.503–1(f)(1) through (4) is necessary to meet the requirements of § 1133. *Wolfe v. J.C. Penney Co.,* 710 F.2d 388, 391–92 (7th Cir.1983); *see also Sage v. Automation, Inc. Pension Plan and Trust,* 845 F.2d 885, 892 (10th Cir.1988) (following the Seventh Circuit's determination that compliance with 29 C.F.R. § 2560.503–1(f) is necessary to meet the requirements of § 1133). In light of Seventh Circuit case law, this court concludes that Zanella may pursue civil pen-

alties under § 1132(c) for alleged violations of § 1133 and the implementing regulations at § 2560.503–1(f).

## III. Conclusion

IT IS THEREFORE ORDERED that defendants' motion for partial judgment on the pleadings is DENIED.