ADAMS, Glenn, et al., Plaintiffs,

v.

CYPRUS AMAX MINERAL COMPANY, a Delaware corporation, and Helen M. Feeney, Defendants.

Civil Action No. 96–K–71.

United States District Court, D. Colorado.

June 13, 1996.

James C. Mallon, Mallon and Associates, P.C., Evergreen, CO, Peter B. Carey, Michael G. Connelly, Law Offices of Peter B. Carey, Chicago, IL, John H. Lonnquist, John H. Lonnquist, P.C., Littleton, CO, for Plaintiffs.

Charles W. Newcom, Serman & Howard, L.L.C., Denver, CO, for Defendants.

MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case presents issues of first impression in this circuit concerning the imposition of penalties on a plan administrator for failing to provide an explanation for denying

benefits. Plaintiffs, former employees of Amax Research and Development, Inc. in Golden, Colorado, bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001–1461 against Cyprus Amax Minerals Company[1] and Helen M. Feeney. Feeney is the administrator of the Amax corporation's Enhanced Severance Plan ("ESP"). The plan constitutes an Employee Welfare Benefit Plan as defined in Section 1002(1) of ERISA.

Defendants filed an answer to the complaint. Simultaneously, Defendant Feeney filed her Motion to Dismiss Plaintiffs' Sixth Count for Recovery of Penalties from Plan Administrator, the subject of this opinion.

Jurisdiction exists under 28 U.S.C. § 1331 and ERISA 29 U.S.C. § 1132(e)(1).

I. *Rule 12(b)(6) Motion to Dismiss.*

Feeney moves for dismissal of the sixth count of Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Upon dismissal of the sixth count, Feeney also seeks an order dismissing her as a party to this action because each of the remaining five counts seeks relief only against Defendant Cyprus Amax.

The thrust of the complaint is that Plaintiffs have been wrongfully denied enhanced severance benefits. Severance has been paid to Plaintiffs but under a plan different from that under which they claim they should have been paid.

In the sixth count, Plaintiffs seek to impose liability on Feeney in her capacity as administrator of the Corporate Separation Policy for Corporate Employees. The sixth count alleges Feeney violated 29 U.S.C. § 1132(c) by failing to respond to an October 15, 1993 letter from Marilyn ("Sue") Germann, Human Resources Manager for Amax Research and Development. (Compl. ¶ 42, Ex. E.)

In the letter, Germann asserts she is writing to express "my concern" that employees at Amax Research and Development Center "have been excluded from the group that will be receiving the 'Enhanced Severance Package' and to appeal to you for your assistance in this matter." *Id.* Germann states to Feeney, "as the Human Resources Manager," she will "respond to the employees per your direction" and "look[s] forward to hearing from you regarding how (or whether) you want me to respond to this sensitive issue." *Id.*

The sixth count seeks to impose penalties on Feeney in excess of $2 million, calculated at a rate of $100 per day per Plaintiff from November 15, 1993 through the date of the filing of the complaint. (Compl. ¶ 43.)

Feeney seeks dismissal of the sixth count because (1) it does not allege a failure by Feeney to respond to a request for information of the type required to be provided by a plan administrator under ERISA, 29 U.S.C. § 1132(c); (2) even if the Germann letter is construed as a request for benefits under ERISA (as alleged in the complaint), the 29 U.S.C. § 1133 requirements for responding to such a request or claim only apply to the plan itself and not to the plan administrator who cannot, therefore, be held liable under § 1132(c) for violating the provisions of § 1133.

II. *Standards for Motion to Dismiss.*

A complaint should be dismissed under Rule 12(b)(6) only "when it appears the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Roman v. Cessna Aircraft Co.,* 55 F.3d 542, 543 (10th Cir.1995). In making this determination, one "accept[s] all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.*

"The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir.1989). Granting a defendant's motion to dismiss is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of plead-

---

**1.** Amax Research and Development, Inc., was a wholly owned subsidiary of Amax, Inc. (Compl. ¶ 5.) In May 1993, Amax, Inc. and Cyprus Minerals Company merged, with Defendant Cyprus Amax Minerals Company being the surviving corporation of the merger. (*Id.* ¶ 10.)

ing but also to protect the interests of justice." *Id.* (quotation omitted).

### III. *Merits.*

1. *Does the sixth count allege a failure by Feeney to respond to a request for information of the type required to be provided by a plan administrator under ERISA, 29 U.S.C. § 1132(c)?*

Plaintiffs' sixth count seeks the recovery of penalties from Feeney under § 502(c) of ERISA, 29 U.S.C. § 1132(c). The section states in relevant part:

> Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B).

■ Feeney asserts she cannot be liable because Plaintiffs did not make a request for information within the meaning of § 1132(c). She maintains the letter was an inter-office communication from Germann as Amax Human Resources Manager seeking advice as to how to respond to the fears of employees who may in the future be denied benefits. Feeney asserts it was not a request for information which the administrator was required to furnish to a participant or beneficiary.

Plaintiffs respond paragraph 38 of the Complaint (incorporated in count 6) alleges the AMAX ESP under which they claim benefits violates 29 U.S.C. § 1133 and the regulations promulgated thereunder (29 C.F.R. § 2560.502–1 *et seq.*) for failure to provide any claim procedure whatsoever for filing and processing of claims for benefits under the AMAX ESP. They cite the relevant federal regulations which pertinently provide:

> If a reasonable procedure for filing claims has not been established by the plan, a claim shall be deemed filed when a written or oral communication is made by the claimant or the claimant's authorized representative which is reasonably calculated to bring the claim to the attention of ... the organizational unit which has customarily handled employee benefit matters of the employer....

29 C.F.R. § 2560.503–1(d) (1995). The regulation further provides a plan administrator shall provide to every claimant who is denied a claim for benefits written notice setting forth, *inter alia,* the specific reasons for the denial. *Id.* § 2560.503–1(f).

Plaintiffs argue paragraphs 38 through 42 of the complaint, read in conjunction with the applicable federal regulations, have properly alleged the Germann letter to be a claim for benefits filed with the administrator of the Amax ESP, Feeney, and that the denial of the claim required Feeney to provide in writing specific reasons therefor. Paragraph 42 alleges Feeney failed to respond to this claim for benefits and request for information, thereby violating the requirements of 29 U.S.C. § 1132(c), mandating the plan administrator to respond to a request for "any information."

Feeney replies Plaintiffs erroneously allege AMAX had no claims procedure. She also maintains Plaintiffs do not address the cases cited by her establishing that, even if the letter were construed as a request for benefits, such request is not an information request under 29 U.S.C. § 1132(c).

In addressing the motion to dismiss, I accept as true the allegation in the complaint that AMAX had no claims procedure. Accordingly, I do not address this aspect of Feeney's argument.

I find the cases cited by Feeney regarding the nature of Germann's request to be distinguishable. *Haberern v. Kaupp Vascular Surgeons Ltd.,* 24 F.3d 1491, 1505 (3d Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1099, 130 L.Ed.2d 1067 (1995), held an attorney's letter requesting a meeting and complaining about document production did not constitute a "statutory request" giving rise to liability under § 1132(c). The circuit court in that case noted "Haberern's attorney's letter requested only that a meeting be scheduled. While the letter complained that certain materials had not been supplied, it never requested that they be supplied." *Id.* at 1505–

06. Here, the letter of Germann called for an explanation of denial of benefits and can be construed as requesting information from Feeney. *See Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 624 (7th Cir. 1987) (finding the failure of an administrator to comply with a request for an explanation after a claim has been denied would give rise to liability under § 1132(c)).

For the same reason, this case is distinguishable from *Pane v. RCA Corp.,* 868 F.2d 631, 639 (3d Cir.1989), cited by Feeney. There, the court held "nothing in the record established that Pane had requested any information about the plan to which he was entitled and which was not provided to him." *Id.*

Construing the allegations in the complaint in the light most favorable to the Plaintiffs, I do not find dismissal warranted on the grounds that the allegations do not state a claim that Feeney failed to respond to a request for information of the type required to be provided by a plan administrator under ERISA, 29 U.S.C. § 1132(c).

2. *Can penalties be imposed on a plan administrator for failing to provide an explanation concerning the denial of benefits?*

■ Feeney asserts, even if the Germann letter is construed by this court as a request for benefits under ERISA, the 29 U.S.C. § 1133 requirements for responding to such a request or claim only apply to the plan itself and not to the plan administrator who cannot be held liable under § 1132(c) for violating the provisions of § 1133. She cites *Groves v. Modified Retirement Plan,* 803 F.2d 109 (3d Cir.1986).

The court in *Groves* noted 29 U.S.C. § 1133(1) requires "every employee benefit plan" to give adequate notice of a claim's denial. *Id.* at 116. On the other hand, at least one of the regulations promulgated pursuant to ERISA states the "plan administrator" shall provide notice containing certain specified information. *See* 29 C.F.R. § 2560.503–1(f) (1995).

The *Groves* court nevertheless held the terms "plan" and "plan administrator" to refer to two distinct actors and that § 503, 29 U.S.C. § 1132(c), authorizes the imposition of sanctions against a plan administrator only for its own failures and not for those of the plan; whereas § 502(c), 29 U.S.C. § 1133 imposes duties upon plans and not upon administrators. *Groves* 803 F.2d at 117–118. The *Groves* court based its narrow construction of 29 U.S.C. § 1132(c), on its determination that the section was penal rather than remedial.

Plaintiffs cite the recent decision of *Zanella v. Principal Mut. Life Ins. Co.,* 878 F.Supp. 144, 146–47 (E.D.Wis.1995), addressing a Rule 12(b)(6) motion in circumstances similar to those here. In *Zanella,* defendant cited *Groves* but the court followed *Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 624 (7th Cir.1987) which held that violations of § 1133 by a plan administrator may give rise to liability under § 1132(c).

The *Zanella* court observed "while § 1133, on its face, does not refer to plan administrators, its implementing regulations do articulate requirements for plan administrators." 878 F.Supp. at 147. The court found failure of the plan administrator to comply with the regulations entitled a beneficiary to pursue civil penalties under § 1132(c) for alleged violations of § 1133 and the implementing regulations.

In *dicta* in *Sage v. Automation, Inc. Pension Plan & Trust,* 845 F.2d 885, 894 (10th Cir.1988), the Tenth Circuit cited *Kleinhans* with approval, noting a district court may impose a penalty under § 1132(c) where a plan representative has not responded to a request for information by plan participants or beneficiaries. *Id.* at n. 4.

Plaintiffs also cite *Stone v. Travelers Corp.,* 58 F.3d 434 (9th Cir.1995), concluding the recovery of up to $100 per day provided to a participant or beneficiary under ERISA § 1132(c) "is not a 'penalty or forfeiture,' but instead a remedy sought by an individual as compensation to address a private wrong." *Id.* at 439. The *Stone* court rejected the underlying premise in *Groves* that § 1132(c) is penal rather than remedial in nature and should therefore be narrowly construed.

I find the reasoning in *Zanella* and *Stone* more persuasive than that in *Groves.* I conclude dismissal is not warranted on the

grounds that 29 U.S.C. § 1133 requirements for responding to a request or claim only apply to the plan itself and not to the plan administrator who cannot, therefore, be held liable for violating its provisions.

 Finally, Feeney argues, even treating Germann's request as the Human Resources Manager for AMAX as a request for information, it cannot be treated as one on behalf of all Plaintiffs. Therefore, she asserts, the motion should at least be granted as to all Plaintiffs other than Germann. Construing the allegations in the pleadings in the most favorable light to Plaintiffs, however, Germann's is viewed as written in a representative capacity and as a request on behalf of all the Plaintiffs. I therefore reject this argument.

### IV. *Conclusion.*

For the aforesaid reasons,

IT IS ORDERED THAT Helen M. Feeney's Motion to Dismiss Plaintiffs' Sixth Count for Recovery of Penalties from Plan Administrator is DENIED.