107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff-Appellant,
v.
John IGNACIO; Craig Farwell; Debra Mann; Terry Wingfield;
Paul Colbert, Defendants-Appellees.
 No. 96-15901.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Song, a Nevada state inmate, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Song alleges that prison officials violated his due process rights by placing him in disciplinary segregation prior to his disciplinary hearing and conducting a procedurally-flawed disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). We accept as true the allegations in the pleadings. Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983). In addition, we liberally construe pro se complaints. Id. A complaint should not be dismissed unless the plaintiff could prove no set of facts in support of the claim which would entitle him or her to relief. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 
 4
 Song contends that the district court erred in dismissing his due process claims on the ground that he did not have a state-created liberty interest in remaining free from disciplinary segregation.[1] We disagree. In Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995), the Supreme Court held that an inmate has a state-created liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Here, while Song alleges that he was denied certain privileges during his placement in disciplinary segregation (for 21 days prior to his disciplinary hearing and for 60 days after his disciplinary hearing), such as "limited canteen," "phone," "showers" and "recreation equipments," he does not allege to what extent these privileges were restricted and how these restricted privileges compared to the privileges afforded inmates in the general population. See id. at 2301 ("Based on a comparison between inmates inside and outside disciplinary segregation, the State's actions in placing [the inmate] there for 30 days did not work a major disruption in his environment."). Song has therefore failed to allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest.[2] See id.
 
 
 5
 Song's reliance on Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994) (stating that Nevada law created a liberty interest in remaining free from arbitrary disciplinary segregation), is misplaced. Walker predates Sandin, and applied the "mandatory language/substantive predicate" analysis of Hewitt v. Helms, 459 U.S. 460, 466-67 (1983), to determine whether Nevada law created a liberty interest. See Walker, 14 F.3d at 1419. This analysis was abandoned in Sandin. See Gotcher v. Wood, 66 F.3d 1097, 1100 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385).[3]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court provided Song with an opportunity to amend his complaint pursuant to Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987) (stating that unless it is absolutely clear that no amendment can cure the defect or defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal), before dismissing the action
 
 
 [2]
 Song has not alleged the loss of any good time credits. See Wolff v. McDonnell, 418 U.S. 539 (1974); Gotcher v. Wood, 66 F.3d 1097, 1099-1100 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385). To the extent he argues that a liberty interest arises in any disciplinary action where the loss of good time credit is a potential punishment, Song has not alleged that the loss of good time credit was a potential punishment in his case
 
 
 [3]
 In his complaint, Song also alleged violations of his rights under the First, Fifth and Eighth Amendments. However, he has not appealed the district court's dismissal of these claims. See Wilcox v. Commissioner of Internal Revenue, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (stating that arguments not addressed in a brief are deemed abandoned)