John R. STONE, Plaintiff–Appellant,

v.

The TRAVELERS CORPORATION, Defendant–Appellee.

No. 93–16778.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1995.

Decided June 22, 1995.

Michael St. Peter, St. Peter & Cooper, San Francisco, CA, for plaintiff-appellant.

Susan B. Burr, Gibson, Dunn & Crutcher, Menlo Park, CA, and Marianne Shipp, Gibson, Dunn & Crutcher, Irvine, CA, for defendant-appellee.

Before: CHOY, CANBY, and NELSON, Circuit Judges.

CANBY, Circuit Judge:

## I.

John Stone brought this action against his employer, The Travelers Corporation, alleging that Travelers' manner of providing for Stone's early retirement violated the Age Discrimination In Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.* Stone also asserted an age discrimination claim under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12941, and a state-law breach of contract claim. The district court dismissed the ADEA count for failure to state a claim, and held that the ERISA claim was time-barred. It also held that the California FEHA claim was preempted by ERISA. Finally, the court dismissed the breach of contract claim as moot except for a dispute over interest, regarding which the court granted leave to amend. No amendment was made, and Stone appeals.

We affirm the district court's judgment with regard to the ADEA claim, although on a somewhat narrower ground than that chosen by the district court. We affirm the dismissal of the California FEHA claim as preempted. Stone has failed on appeal to support his breach of contract claim, and we consider it abandoned; the dismissal of that claim is affirmed. We reverse, however, the dismissal of the ERISA claim because we conclude that it is not barred by the applicable limitation.

## II.

On April 1, 1991, Travelers offered Stone, who was then age 52, a Voluntary Severance Option (VSO). Stone submitted his application for the Option and then requested information regarding payments of his severance benefits. Travelers informed Stone that he, like other employees between the ages of 50 and 55, could receive his payments either in a lump sum or in 12 monthly installments. In contrast, employees over the age of 55 could receive their severance benefits in the form of a lifetime annuity under the Travelers Pension Plan.

On May 6, 1991, Stone requested documentation regarding severance benefits. Travelers allegedly never supplied Stone with information regarding severance benefits under the VSO and the pension plan, or information regarding pension benefits, despite his repeated requests. On May 7, Stone elected to receive his benefits in the form of a lump sum, and on May 10, he retired. On June 8, he informed Travelers that he was appealing the form of distribution of retirement benefits. On August 6, Travelers informed Stone that his appeal was denied, and on October 7, 1991, it denied reconsideration and allegedly denied Stone's requests for further information.

On January 4, 1993, Stone filed his Original Complaint alleging that Travelers' method of distributing severance payments violated the ADEA. On April 20, 1993, Stone filed his First Amended Complaint alleging that Travelers (1) violated the ADEA by refusing to give him severance benefits in the form of a lifetime annuity as it did for employees over the age of 55, (2) violated the California FEHA by the same acts, (3) violated ERISA by failing to provide him with documentation regarding the Severance Plan and the Pension Plan, and (4) breached an agreement to pay him a bonus. The district court subsequently dismissed all the claims.

## III.

We review *de novo* the district court's dismissal for failure to state a claim pursuant

to Federal Rule of Civil Procedure 12(b)(6). *Keams v. Tempe Technical Institute, Inc.*, 39 F.3d 222, 224 (9th Cir.1994).

### A. Stone Failed to State a Claim under the ADEA

■ Stone's ADEA claim is quite an unusual one. In his First Amended Complaint, Stone alleged that Travelers denied him the option of taking his severance benefit in the form of a life annuity because he was not yet 55 years old and thus not eligible to be paid from the Travelers pension account. In other words, Stone claims that Travelers violated the ADEA by discriminating against him because he was too young! He contends that he may invoke the ADEA because, being over 40 years of age, he is in the protected class, 29 U.S.C. § 631(a), and he may not be discriminated against because of his age, *id.* at § 623(a)(1).

■ The district court, following the lead of the Seventh Circuit in *Hamilton v. Caterpillar, Inc.*, 966 F.2d 1226, 1228 (7th Cir. 1992), held that the ADEA simply does not provide a remedy for "reverse" age discrimination. We need not address the validity of that proposition, however, because the district court also identified a narrower ground of ruling that is clearly correct. Stone's grievance is that he was not offered his severance benefits in the form of a pension, as were employees over age 55. In other words, his ADEA claim is that he was denied pension benefits because he was under 55. The ADEA provides, however, that an employer does not violate the Act

solely because—

(A) an employee pension benefit plan (as defined in section 1002(2) of this title) provides for the attainment of a minimum age as a condition of eligibility for normal or early retirement benefits

·   ·   ·   ·   ·

29 U.S.C. § 623(*l*)(1)(A) (1995). This provision precludes Stone's claim. The district court accordingly did not err in holding that Stone failed to state a claim under the ADEA.[1]

### B. Stone's California FEHA Claim is Preempted by ERISA

■ Stone's claim under California's FEHA mirrors his claim under the ADEA. He states that he was discriminated against by not being permitted to have his severance benefits paid as part of a pension, as those over 55 were able to do. There is no doubt that Travelers' pension plan is an ERISA plan under 29 U.S.C. § 1002(2) (defining "employee pension benefit plan" as any plan that "provides retirement income to employees"). There is also no doubt that a plan for payment of accrued severance benefits is also an ERISA plan. *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502–1504 (9th Cir.1985).

■ State law claims are preempted by ERISA if they relate to an ERISA plan. 29 U.S.C. § 1144(a). Stone's claim under the California FEHA clearly relates to the ERISA plans in the most direct way; his claim is founded in the denial of benefits to which he claims he is entitled under those plans. Accordingly, his FEHA claim is preempted. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983) (state law claim that health benefits plan discriminated on account of sex is preempted by ERISA); *Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408–09 (9th Cir.1984) (state law claim of age discrimination in pension plan preempted by ERISA).

### C. Stone's ERISA Claim was Not Barred by the Applicable Statute of Limitation

■ Stone claimed that Travelers was liable to him under 29 U.S.C. § 1132(c)(1) because it failed to provide him with documentation about employee benefits within

---

1. Stone argues that because he brought his complaint *pro se*, the district court should have notified him of deficiencies in his complaint and given him an opportunity to amend it before dismissing it. We reject this argument because Stone could not cure his complaint without alleging facts inconsistent with those alleged in the First Amended Complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (a *pro se* litigant must be given notice of deficiencies in complaint and be given "leave to amend his or her complaint *unless it is absolutely clear that the deficiencies of the complaint could not be cured by the amendment*." (emphasis added, internal citations and quotations omitted).

thirty days of his request for such information. The district court correctly noted that, because the civil enforcement section of ERISA, 29 U.S.C. § 1132, does not provide its own statute of limitation, courts must apply the most analogous statute of limitation under state law. *Felton v. Unisource Corp.*, 940 F.2d 503, 510 (9th Cir.1991); *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 297 (9th Cir.1987). We conclude, however, that the district court selected the incorrect state statute.

The district court held that Cal.Civ.Proc. Code § 340(1) was applicable to Stone's ERISA claim. That statute provides a one-year limitation for an "action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state." The contending alternative is Cal.Code Civ.Proc. § 338(a), which provides a three-year limitation for an "action upon a liability created by statute, other than a penalty or forfeiture."

The question, then, is whether the recovery provided by ERISA, 29 U.S.C. § 1132(c) is a "penalty or forfeiture" within the meaning of the California statute of limitation. The ERISA provision states:

> Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c). In holding that this section provided for a "penalty," the district court relied on the Third Circuit's ruling in *Groves v. Modified Retirement Plan, Inc.*, 803 F.2d 109, 117 (3rd Cir.1986). In *Groves*, the court held that, although "it is a very close question," section 1132(c)'s imposition of liability was "penal" for purposes of triggering a principle of narrow construction that limited the agency's discretion in imple-

menting the legislation. *Id.* The court viewed the statute as being aimed at securing compliance, rather than compensating participants for damages. *Id.*

We conclude, however, that a different result is dictated by our decision in *Rivera v. Anaya*, 726 F.2d 564 (9th Cir.1984). There we dealt with the question whether damages for violation of the Federal Farm Labor Contractor Registration Act were a "penalty" for purposes of the same California statute of limitation as those in issue here. The Act provided for recovery of "actual damages, or statutory damages up to $500 per plaintiff per violation or other equitable relief" for violations of the registration, disclosure, recordkeeping and posting requirements of the Act. We held that the test under California law for whether a recovery was a "penalty" was " 'whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual.' " *Rivera*, 726 F.2d at 567 (quoting *Huntington v. Attrill*, 146 U.S. 657, 668, 13 S.Ct. 224, 227, 36 L.Ed. 1123 (1892)). We held that the statutory damages remedy was not a penalty, because it was intended to compensate plaintiffs in a situation where "the damages may be obscure and difficult to prove." *Rivera*, 726 F.2d at 568. That Congress provided for either actual or statutory damages "in no way detracts from the fact that the provision for damages contemplates 'compensation, not a penalty or punishment by the Government.' " *Id.* at 568 (quoting *Culver v. Bell & Loffland*, 146 F.2d 29, 31 (9th Cir.1944)). In *Culver*, we had held that the doubling of damages for failure to pay overtime under the Fair Labor Standards Act was not a "penalty" for purposes of the California limitation statute.

■ When we apply the reasoning of *Rivera* to the present case, it leads to a conclusion that the $100 per day recovery under ERISA, § 1132(c), is not a penalty for purposes of California limitation. The wrong seems substantially more private than public: it was Stone's personal request to which Travelers allegedly did not respond. The injury is that Stone lacks information concerning his own pension or severance rights. Actual damages to Stone may be difficult to prove, a fact justifying a statutorily prescribed sum. *See Rivera*, 726 F.2d at 568. Of course, there is also a public policy in favor of Travelers' obeying the law, but that

public overtone would be present in many private remedial situations.

It is also clear that the remedy is sought by Stone and is payable to him for his injury, and is not sought by the government to compensate for a public injury. This consideration was deemed important, and perhaps crucial, in *Rivera*, 726 F.2d at 568–69, and *Culver*, 146 F.2d at 31. It is probably true that this factor should not be ironclad, because Cal.Civ.Code § 340(1) provides a one-year limitation for a penalty "when the action is given to an individual, or to an individual and the state." Thus there must be some recoveries payable to an individual that still qualify as penalties. Nevertheless, the payment of up to $100 per day is not sought by Stone as a "private attorney general" to enforce some general public policy; he sues over his own pension or severance rights and the access to information about them. Under the reasoning of *Rivera*, the recovery is remedial, and is to redress a private wrong.

*Rivera* did involve a statute that provided in terms for statutory "damages," while ERISA § 1132(c) simply refers to "an amount of up to $100 a day." We do not view the distinction as significant; neither *Rivera's* alternative statutory damages figure of $500 per violation nor ERISA's figure of $100 per day is calculated in any measurable way according to the loss actually suffered by the plaintiff. That fact did not render the $500 sum in *Rivera* a penalty, and it should not make ERISA's $100 sum a penalty either. It is true that there is one California case that held that a payment of a specified sum of liquidated damages was a penalty because "the specified recovery is authorized without any reference to the question of actual damage." *Hansen v. Vallejo Electric Light & Power*, 182 Cal. 492, 496, 188 P. 999 (1920). We discussed the *Hansen* case in *Rivera*, however, and held that "[t]o the extent that *Hansen* may not be consistent with

the *Huntington* [private wrong] rule, it appears to have been superseded by later California case law." *Rivera*, 726 F.2d at 568 n. 3.

We therefore conclude that the recovery of up to $100 per day provided to a participant or beneficiary by ERISA § 1132(c) is not a "penalty or forfeiture," but is instead a remedy sought by an individual as compensation to address a private wrong. It follows that the three-year limitation of Cal.Code Civ.Proc.Code § 338(a) applies. Because Stone's complaint was filed less than three years after May 6, 1991, the date of Travelers' earliest alleged refusal to provide the requested information, his ERISA claim was timely.[2] We therefore reverse the district court's dismissal of that claim.

### IV.

The dismissals of Stone's ADEA and state-law claims are affirmed. The dismissal of his ERISA claim is reversed and the matter is remanded to the district court for further proceedings on that claim. Travelers' is entitled to recover fifty percent of its costs on this appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

---

2. Because Stone's First Amended Complaint adding the ERISA claim was filed within three years of Travelers' refusal, it is unnecessary to consider whether the First Amended Complaint relates back to the date of the Original Complaint. *See* Fed.R.Civ.P. 15(c).