77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MORTGAGE NETWORK, INC., Plaintiff-counter-defendant-Appellant,
and
Mortgage Network Servicing Partners; Mortgage Network
Servicing Partners II; Robert Lamb,
Plaintiffs-counter-defendants,
v.
The FEDERAL HOME LOAN MORTGAGE CORPORATION, d/b/a Freddie
Mac, Defendant-counter-claimant-Appellee,
and
Tridation Software Services, Inc.; Bisys, Inc., Defendants.
 No. 94-55996.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Feb. 12, 1996.
 
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Mortgage Network, Inc. and affiliated partnerships (collectively "Mortgage Network") appeal from judgments dismissing certain claims for failure to state a claim and granting summary judgment against them. We have jurisdiction under 28 U.S.C. § 1291 and, upon a de novo review, Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), we affirm.
 
 
 3
 The district court correctly concluded that the allegations that Freddie Mac violated appellants' Fifth Amendment rights by terminating them without due process failed to state a claim. Freddie Mac is not restricted by the Fifth Amendment Due Process Clause because it is not part of the federal government and its termination of TMNI as a "Seller/Servicer" did not constitute federal action. See American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp., --- F.3d ---- (9th Cir.1996).
 
 
 4
 TMNI also argues that Freddie Mac's transfer of the servicing rights in the portfolio of mortgages it serviced constituted conversion under California law. Even if we assume, without deciding, that the mortgage servicing rights at issue are the proper subject of a conversion claim, the appellants have not raised a genuine issue of material fact as to the first element of such a claim, "ownership or right to possession of the property at the time of the conversion", Baldwin v. Marina City Properties, Inc., 145 Cal.Rptr. 406, 416 (Cal.Ct.App.1978). The contracts governing TMNI's status as a seller/servicer provided that "[m]ortgages purchased by Freddie Mac must be serviced by a Servicer", Guide, § 6201(a), so the appellants had no right to service any mortgage owned by Freddie Mac unless they were "Servicers". The Guide defines a "Seller/Servicer" as "an institution approved to sell mortgages to, and to service mortgages purchased by, Freddie Mac". Guide, § 0230. Freddie Mac, pursuant to Guide §§ 0402, 0403, and 6309, terminated TMNI's eligibility. Upon termination, TMNI ceased to be a "Seller/Servicer" as defined in Guide § 0230, and by the terms of the contract, Guide § 6201(a), had no right to service mortgages owned by Freddie Mac. Therefore, it had no remaining possessory interest in the servicing rights and cannot establish the first element of a conversion claim.
 
 
 5
 TMNI is not entitled to raise its unconscionability defense on appeal because it did not assert it below. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). TMNI asserts that it stated "[t]he elements of the defense of unconscionability" in its Complaint and its opposition to Freddie Mac's motion to dismiss. Its citations, however, are to its claims and arguments with respect to tortious breach of an implied covenant of good faith and fair dealing. While one of the elements of that claim is the unequal bargaining positions of parties to the agreement, that is only one element of the unconscionability defense, and raising that one element as part of an independent claim against Freddie Mac is insufficient to raise the defense of an unconscionable contract of adhesion to Freddie Mac's defense against Mortgage Network's conversion claim. The District Court did not wrongly fail to reach the unconscionability issue; that issue was never properly before it.
 
 
 6
 TMNI argues that it raised genuine issues of fact on its claim against Freddie Mac for relief from forfeiture under Cal.Civ.Code § 3275. However, summary judgment was proper because TMNI admitted insolvency to the district court in its opposition to Freddie Mac's motion for summary judgment, an admission TMNI has repeated before this court in its Motion to Stay Enforcement of Judgment Pending Appeal. Thus, TMNI has not demonstrated that it has made, or even that it can make, the "full compensation" to Freddie Mac that § 3275 requires as a condition to relief from forfeiture.
 
 
 7
 TMNI argues that it has a triable claim for relief from forfeiture against Tridation. We decline to consider this argument as it is new on appeal, Bolker, 760 F.2d at 1042, as the original claim for relief from forfeiture never mentioned Tridation. Even if the original complaint were construed so liberally as to include a claim for relief from forfeiture against Tridation, that claim would fail as a matter of law. Section 3275 addresses forfeiture resulting from failure to comply with the provisions of an "obligation". While TMNI and Tridation apparently did have a contractual relationship, the alleged forfeiture from which TMNI is seeking relief did not result from failure to comply with the provisions of that contract.
 
 
 8
 Mortgage Network argues that the district court was incorrect in finding that TMNI, Partners I, and Partners II were "identically situated" for purposes of the conversion and forfeiture claims. Even if this argument were not new on appeal, and even if Mortgage Network has correctly stated California law on partnerships, the District Court's ruling was proper. Mortgage Network's complaint alleged that Freddie Mac seized mortgage servicing portfolios from Partners and Partners II, but those partnerships had no contractual relations with Freddie Mac, and so could not have been seller/servicers. Whatever rights Partners and Partners II had in mortgage servicing performed by TMNI for Freddie Mac, those rights could have been no greater than the mortgage servicing rights that TMNI obtained under its contracts with Freddie Mac. As a result, the district court's conclusion that the partnerships were in the same position as TMNI for purposes of the claims against Freddie Mac was, on this record, correct.
 
 
 9
 The judgment of the District Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3