87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven M. DE LONG, Plaintiff-Appellant,
v.
Ruth MANSFIELD, Dr.; Gloria Gonzales, L.C.S.W.; Reiko
Homma True, Dr.; Patricia Denning, Dr.; Tina Yee, Dr.;
City and County of San Francisco Department of Public Health
Community Mental Health Services; City and County of San
Francisco, Defendants-Appellees.
 No. 94-16713.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven M. De Long appeals pro se from the district court's judgment for the City and County of San Francisco, the San Francisco Department of Public Health and Community Mental Health Services, and individual employees of the Department of Public Health ("defendants"). The district court dismissed De Long's initial complaint with leave to amend on the basis that his 42 U.S.C. § 1983 claims were barred by the statute of limitations. De Long filed an amended complaint which added causes of action for discrimination on the basis of disability, in violation of the Rehabilitation Act, 29 U.S.C. § 794, and an action for violation of the Hill-Burton Act, 42 U.S.C. § 291. The district court found that De Long's amended complaint stated a cause of action under the Rehabilitation Act for the events occurring in September, 1992, but the court dismissed the Hill-Burton claim for failure to state a cause of action, dismissed the individual defendants as improper defendants under the Rehabilitation Act, and declined to exercise supplemental jurisdiction over the state law claims. The district court subsequently granted summary judgment to San Francisco on the Rehabilitation Act claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim. See Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). We review a grant of summary judgment de novo. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). A district court's decision not to exercise supplemental jurisdiction is reviewed for abuse of discretion. O'Connor v. State of Nevada, 27 F.3d 357, 362 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995).
 
 
 4
 De Long argues that the district court erred by dismissing his 42 U.S.C. § 1983 claims in which he alleged that defendants violated his constitutional rights by interfering with his ability to obtain mental health treatment. The district court properly dismissed these causes of action because they were barred by the statute of limitations since the incidents alleged in his complaint occurred well over a year before his complaint was filed. See Taylor v. Regents of University of California, 993 F.2d 710, 711 (9th Cir.1993) (stating that California's one-year statute of limitations for personal injury actions governs claims brought under § 1983), cert. denied, 114 S.Ct. 890 (1994).
 
 
 5
 Because De Long failed to brief the issues of whether summary judgment was properly granted on his Rehabilitation Act claim and whether the district court erred by dismissing his Hill-Burton Act claim, we deem these issues abandoned. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988).
 
 
 6
 Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over De Long's state law claims which the district court found arose from a different set of facts than the Rehabilitation Act claim. See 28 U.S.C. § 1367(c)(3); O'Connor, 27 F.3d at 363.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3