107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teresa MARNELL; Blair Marnell, a Minor appearing by and
through his Guardian Ad Litem, Teresa Marnell, his
mother, Plaintiffs-Appellants,
v.
Edwin MILLER, District Attorney; Ralph Fear, Deputy
District Attorney, County of San Diego; Thomas
Waddell; Does 1-100, Defendants-Appellees.
 No. 96-55255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teresa Marnell appeals pro se the dismissal of her 42 U.S.C. § 1983 action against Edwin Miller, District Attorney for the County of San Diego, Ralph Fear, Deputy District Attorney, and Thomas Waddell, alleging violations of her constitutional rights in the prosecution of a paternity suit.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review de novo the district court's dismissal for failure to state a claim, Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and we affirm.
 
 
 3
 Marnell contends the district court erred by dismissing Miller and Fear on the basis of absolute prosecutorial immunity. This contention lacks merit.
 
 
 4
 Miller and Fear were entitled to absolute immunity because they were acting in their roles as prosecutors when they decided to discontinue the prosecution of Marnell's paternity suit. Imbler v. Pachtman, 424 U.S. 409, 430-31 n. 33 (1976); see also Ashelman v. Pope, 793 F.2d 1072, 1075-78 (9th Cir.1986) (en banc).
 
 
 5
 Marnell also contends that the district court erred by dismissing Waddell from his action. This contention lacks merit.[3]
 
 
 6
 The district court properly dismissed Waddell, a private party defendant, because Marnell's First Amended Complaint failed to allege specific facts of a conspiracy between Waddell and Fear. Mere conclusory allegations of a conspiracy, without more, are insufficient to withstand a motion to dismiss or a motion for summary judgment. See Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Waddell was the attorney for Dr. Daniel J. Marnell, the defendant in the paternity action
 
 
 [2]
 On March 1995, this court dismissed prior appeal 94-56321 for lack of jurisdiction because the district court's dismissal order failed to dismiss Waddell from the action
 
 
 [3]
 Although the district court dismissed Marnell's action against Waddell for lack of prosecution, we may affirm "on any basis supported by the record even if the district court did not rely on that basis." Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986)