108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James FRENCH, Plaintiff-Appellant,
v.
Scott R. PIAZZA, Defendant,
Robert Muehlbauer; Sandra Council; Jim Devine; Peter W.
Olson; Barbara Kautz; Arne Croce; Ted Cooper;
Angelo Tom; Steve B. Sachs, Defendants-Appellees.
 No. 96-15699.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James French appeals pro se the district court's dismissal of French's civil rights and tort claims against six officials of the City of San Mateo, Robert Muehlbauer, Sandra Council, Jim Devine, Peter W. Olson, Barbara Kautz, and Arne Croce, and three officials of the Department of Housing and Urban Development, Ted Cooper, Angelo Tom, and Steve B. Sachs.
 
 
 3
 Pursuant to Fed.R.Civ.P. 54(b), the district court entered final judgment dismissing French's federal claims against city defendants Muehlbauer, Council, Devine, Olson, Kautz, and Croce, and all French's claims against federal defendants Cooper, Tom, and Sachs. The district court remanded French's remaining state claims to state court. French's notice of appeal, which was filed before the entry of judgment, is deemed filed on the date of and after the entry of judgment. See Fed.R.App.P. 4(a)(2). Thus, we have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), see Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), see Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995).
 
 
 5
 We affirm the district court's judgments in favor of the above named defendants for the reasons stated in the district court's order filed on February 5, 1996.
 
 
 6
 We deny French's "Notice of Fraud, Concealment and Prejudice," received on July 18, 1996, which we construed as a motion for judicial notice. See Fed.R.Evid. 201.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the panel denies French's numerous motions for an extension of time to state why oral argument should be heard
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3