112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald E. HENRY, Plaintiff-Appellant,
v.
LANGNER & ASSOC., INC., 5800 S. Eastern Ave. # 35, Commerce,
California 90040, Defendant-Appellee.
 
 No. 95-55024.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald E. Henry appeals pro se from the district court's judgment in favor of defendant, following a bench trial, in Henry's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Henry contends that the district court erred by dismissing his claim of wrongful discharge under Fed.R.Civ.P. 12(b)(6). This contention lacks merit.
 
 
 4
 A dismissal for failure to state a claim is reviewed de novo. See Stone v. Travelers Corp., 58 F.3d 434, 436-47 (9th Cir.1995). We review only the contents of Henry's complaint and construe all allegations of material fact in the light most favorable to Henry. See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). Henry failed to allege facts sufficient to support a claim of wrongful termination. See Foley v. Interactive Data Corp., 47 Cal.3d 654, 666 (1988). Accordingly, the district court did not err by dismissing Henry's wrongful discharge claim for failure to state a claim. See Stone, 58 F.3d at 437.
 
 
 5
 Henry contends that the district court erred by finding for defendant on Henry's claim of racial discrimination. This contention lacks merit.
 
 
 6
 Following a bench trial, a district judge's findings of fact shall not be set aside unless clearly erroneous. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). A finding of no intentional discrimination in an action brought under Title VII is a finding of fact reviewed on appeal for clear error. See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 7
 In order to prevail on his racial discrimination claim, Henry had the burden of establishing a prima facie cause of action for discrimination. See Saint Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).
 
 
 8
 Because Henry failed to show that he was qualified for the position, he failed to make out a prima facie case for race discrimination. See McDonnell Douglas Corp., 411 U.S. at 802. Accordingly, the district court did not clearly err by finding that Henry had failed to establish the prima facie elements of race discrimination. See Fragrante v. City and County of Honolulu, 888 F.2d 591, 598 (9th Cir.1989).
 
 
 9
 Henry contends that the district court erred by finding for defendant on Henry's claim of defamation. This contention lacks merit.
 
 
 10
 Defendant's statements to the Equal Employment Opportunity Commission and the California Unemployment Appeals Board are afforded a qualified privilege. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987). Henry failed to overcome this privilege because he did not demonstrate that defendant's statements were made with actual malice. See id. at 898-99. Accordingly, the district court did not clearly err by finding for defendant on Henry's defamation claim. See Magnuson, 85 F.3d at 1427.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Henry's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3