112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold J. RUCKER, Plaintiff-Appellant,
v.
STATE of CALIFORNIA; Santa Clara County; Billie Ann
Rucker, Defendants-Appellees.
 No. 96-16698.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold J. Rucker appeals pro se the district court's dismissal of his second amended complaint under 42 U.S.C. §§ 1983 and 1985(3). Rucker alleged that defendants violated, and conspired to violate, his civil rights by prosecuting him for failure to pay child support. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), see Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996), and for lack of subject matter jurisdiction, see Kitchens v. Bowen, 825 F.2d 1337, 1339 (9th Cir.1987). We may affirm the dismissal of a complaint on any basis that is fairly supported by the record, see Kimes, 84 F.3d at 1126, and we affirm.
 
 
 3
 Rucker contends that the district court erred when it dismissed his second amended complaint with prejudice. This contention lacks merit.
 
 
 4
 To state a claim for conspiracy under section 1985(3), a plaintiff must allege racial or otherwise class-based invidious discrimination. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (racial discrimination). We extend section 1985(3) beyond race only where Congress has given a class special protection, or the courts have designated it a suspect or quasi-suspect class. Cf. Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (stating that Alaska state representatives are not suspect or quasi-suspect class). Under section 1983, a local government may only be sued for constitutional violations that result from an official policy or custom. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Federal subject matter jurisdiction does not exist over claims which are so attenuated and unsubstantial that they are devoid of merit. See Fed.R.Civ.P. 12(b)(1); Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 5
 Here, the district court did not err when it dismissed Rucker's section 1985(3) claims for failure to state a claim, because he failed to state a claim that defendants conspired to discriminate against him as a result of his race or membership in a protected class. See Griffin, 403 U.S. at 102; Schultz, 759 F.2d at 718. The district court did not err when it dismissed Santa Clara County for failure to state a claim, because Rucker failed to state a claim that an official policy or custom caused a violation of his constitutional rights. See Monell, 436 U.S. at 694. The district court did not err when it dismissed Rucker's claims against his former wife, Billie Ann Rucker, for lack of jurisdiction, because the claims were so attenuated and unsubstantial as to be absolutely devoid of merit. See Fed.R.Civ.P. 12(b)(1); Neitzke, 490 U.S. at 327.
 
 
 6
 Finally, the district court did not err when it dismissed Rucker's second amended complaint with prejudice. See Stone v. Travelers Corp., 58 F.3d 434, 437 n. 1 (9th Cir.1995). The district court notified him of deficiencies in the first amended complaint, and it was clear that Rucker could not cure the deficiencies of his second amended complaint. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3