122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert LEATHEM, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
Sharon A. Martin, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
Marquita Denise LEATHEM, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
Sharon OBERHOLTZER, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
Lee LARKIN, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
Clifford MURPHY, Plaintiff-Appellees,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
Betty June SMITH, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, et al., Defendants-Appellees.
 Nos. 95-16980, 95-16985, 95-16981, 95-16986, 95-16983,
95-16993, 95-16988.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 4, 1997.
Sept. 4, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of CaliforniaA Milton L. Schwartz, Senior District Judge, Presiding.
 
 
 2
 Before: FLETCHER and REINHARDT, Circuit Judges, and WARDLAW,** District Court Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 In this consolidated appeal, appellants Robert Leathem, Sharon A. Martin, Marquita Denise Leathem, Sharon Oberholtzer, Lee Larkin, Clifford E. Murphy, and Betty June Smith appeal the dismissal without leave to amend of their claims alleging violations of their constitutional and federal statutory rights.
 
 
 5
 We review dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-47 (9th Cir.1995). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). Conclusory allegations of law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir.1996) (internal quotations omitted).
 
 
 6
 We have jurisdiction, 28 U.S.C. § 1291. Although we are sensitive to the rights of persons to be secure in their persons, homes, and property, and decry any excess of zeal or unnecessary intrusion that any person performing a public duty may have committed with respect to any of the appellants, relief available against public officals charged with enforcing the law for the benefit of all of us is very narrow and allowed only within very strict time limitations. The law that binds this court simply allows no relief to these appellants. We therefore affirm the district court.
 
 DISCUSSION
 
 7
 At two preliminary status conferences the district court had lengthy exchanges with appellants in order that they have a full opportunity to explain in detail and in nonlegal language the specific facts and theories upon which they seek relief. Nonetheless, appellants were unable to enunciate any facts that would support a viable cause of action. A court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir.1995). It is not proper however for the court to assume that "the [appellants] can prove facts that [they] have not alleged or that the defendants have violated the ... laws in ways that have not been alleged." Associated Gen. Contractors v. California State Council, 459 U.S. 519, 526 (1983).
 
 
 8
 While appellants assert no independent claim for relief under the Animal Enterprise Protection Act of 1992, 18 U.S.C. § 43, ("the Act") the district court properly noted that it permeated all seven complaints, including the causes of action and the prayer for relief. The Act creates criminal penalties for those who intentionally disrupt the functioning of lawful animal enterprises, defined as "a commercial or academic enterprise that uses animals for food or fiber production, agriculture, research, or testing." 18 U.S.C. § 43(d)(1). However, it specifically exempts those who lawfully disrupt such enterprises for the purpose of enforcing animal welfare laws. See 18 U.S.C. § 43(d)(2): "the term 'physical disruption' does not include any lawful disruption that results from lawful public, governmental, or animal enterprise employee reaction to the disclosure of information about an animal enterprise." Further, the Act confers no private right of action, nor can one be inferred from its language. See Cort v. Ash, 422 U.S. 66, 79-80 (1975). Accordingly, to the extent that these complaints assert claims under the Act, they were properly dismissed.
 
 
 9
 To the extent that the complaints asserted claims for equitable relief, the district court properly dismissed them as frivolous in that they requested vague and overbroad equitable relief, such as the criminal prosecution of all defendants guilty of civil rights violations and the termination from employment of all federal and state defendants.
 
 
 10
 With respect to the counties and their respective employees, as well as the judges named, the facts pleaded fail to overcome the municipal, prosecutorial, and judicial immunity afforded these appellees. See Monell v. City of New York, 436 U.S. 658 (1978) (municipal liability for civil rights violation only if deprivation is result of city custom or policy); Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutor immune for acts taken in initiating prosecution); Stump v. Sparkman, 435 U.S. 349 (1978) (immunity for judicial acts unless there is a clear absence of all jurisdiction).
 
 
 11
 The district court found one potentially viable theory for relief in the claims that certain defendants unlawfully searched appellants' property and seized their animals in violation of the Fourth Amendment. However, it concluded these claims must be dismissed because of admissions that the searches and seizures were lawful or that they were time-barred under the statute of limitations applicable to 42 U.S.C. § 1983.
 
 
 12
 The Leathem's were searched in January of 1994. Marquita Leathem consented to the first search of the premises. The second was conducted with a valid warrant.[1] While executing the warrant, two veterinarians examined the horses, ponies, and burros on the property and concluded that the condition of 13 of the 23 animals due to lack of care and nutrition justified impoundment. The impounded horses and ponies were estimated to be between 20 to 30% underweight and had other health problems. On January 15, 1994, a post-seizure hearing was held to determine whether the seizure and impoundment of the animals was proper. The Hearing Officer held that Animal Control had acted properly in impounding the animals due to their condition, which warranted emergency action in order to save the animals from severe illness and death, and that the officers acted lawfully within the exigent circumstances exception to the general rule requiring a pre-seizure hearing.[2] Both Marquita and Robert Leathem were subsequently charged with and convicted of animal cruelty in violation of California Penal Code § 597(b).[3] Those convictions are not subject to review by us.
 
 
 13
 The searches of the Oberholtzer residence on November 2, 1993, and the Larkin residence on March of 1994, may have been conducted without a warrant and without consent.[4] However the claims based on these searches were filed in May 1995 and are time barred. Claims based upon any 4th Amendment violations must be brought within one year from the accrual of the cause of action. Wilson v. Garcia, 471 U.S. 261 (1985).
 
 CONCLUSION
 
 14
 We affirm the dismissal of each of the consolidated complaints with prejudice as to all appellees. Appellees Oroville Mercury Register, Roger Aylworth, Chico Enterprise Record and Jack Winning's request for attorney's fees on appeal pursuant to 42 U.S.C. § 1988 is denied.
 
 
 15
 AFFIRMED.
 
 
 
 **
 Honorable Kim McLane Wardlaw, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Cal.Penal Code § 830.9 designates Animal Control officers as having the power to serve warrants as provided in Penal Code § § 1523 and 1530 (West 1997)
 
 
 [2]
 Appellants Smith and Murphy base their injury on this search and seizure as well
 
 
 [3]
 Cal.Penal Code § 597(b) provides in relevant part that "every person who ... deprives of necessary sustenance, drink, or shelter ... any animal ... or otherwise subjects any animal to needless suffering, or inflicts unnecessary cruelty upon the animal ... is guilty of a crime punishable as a misdemeanor or as a felony." (West 1997)
 
 
 [4]
 See Conway v. Pasadena Humane Society, 52 Cal.Rptr.2d 777, 786 n. 14 (Cal.Ct.App.1996) (holding that animal control officers were required to get a warrant before entering a house to seize a dog who was not wearing a leash; summarizing other cases involving Fourth Amendment rights in the context of animal control)