125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 R. Charles BRYFOGLE, Plaintiff-Appellant,
v.
ARIZONA BOARD OF REGENTS, a body corporate 2020 N. Central
Ave., Phx. AX and its subdivision University of Arizona and
department Steward Observatory; Peter Strittmatter,
President Large Binocular Telescope Corporation; George
Coyne, President Vatican Foundation c/o Snell & Wilmer; Tom
Thompson; Jacqueline Schneider; Buddy Powell; Anna
Lumpis; Susan Lake, Defendants-Appellees.
R. Charles BRYFOGLE; Linda Anne Taraldson, Plaintiffs-Appellants,
v.
ARIZONA BOARD OF REGENTS; Arizona State Board of Personnel;
Patricia Conditt, Executive Directors Arizona State Board
of Personnel; Judith Henkel, Executive Directors Arizona
State Board of Personnel; Henry Koffler, President
University of Arizona; Michael Haggans, a Vice President of
Arizona; Don Sowell, employee University of Arizona;
Williams Klawans, an employee, University of Arizona,
Defendants-Appellees.
 
 Nos. 96-15344, 96-15346.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 Appeal from the United States District Court for the District of Arizona, Nos. CV-95-00615-ACM, CV-95-00640-ACM; Alfredo C. Marquez, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 R. Charles Bryfogle appeals pro se[1] the district court's dismissal of his actions (1) alleging that defendants, in connection with the alleged destruction of public records and alleged criminal conspiracies, violated various federal and state statutes, and (2) seeking relief after his discharge from employment with the University of Arizona in 1990. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6), see Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and we affirm.
 
 A. Appeal No. 96-15344
 
 3
 Bryfogle contends that defendants committed violations of the False Claims Act ("FCA"), the Freedom of Information Act ("FOIA"), the Endangered Species Act ("ESA"), and the National Environmental Policy Act ("NEPA"). This contention lacks merit. The district court did not err by dismissing these claims because Bryfogle's complaint failed to set forth facts alleging a valid claim under these statutes. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.1984); Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.1994).
 
 
 4
 With respect to the district court's dismissal of Bryfogle's claims that relied on FOIA as a jurisdictional basis, the district court did not err. See St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373-74 (9th Cir.1981) (FOIA claims not applicable to state agencies or their employees).
 
 
 5
 Finally, Bryfogle's remaining claims, based on federal and state criminal statutes, were properly dismissed because these criminal statutes do not create a private right of action. See generally, Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980); Phoenix Baptist Hosp. & Medical Ctr., Inc. v. Aiken, 877 P.2d 1345, 1350 (Ariz.Ct.App.1994).
 
 B. Appeal No. 96-15346
 
 6
 Prior to filing his federal action challenging his discharge, Bryfogle brought a state court wrongful termination action that involved the same claims as the claims he alleged in his federal complaint. Summary judgment was entered against Bryfogle in the state action on October 12, 1994. The Arizona Court of Appeals affirmed the judgment on September 12, 1995. Because Bryfogle raised or had the opportunity to raise all of his claims in the state court action, we affirm the district court's dismissal of his federal action on res judicata grounds. See Nordhorn v. Ladish Co., 9 F.3d 1402, 1404 (9th Cir.1993).
 
 
 7
 Finally, we reject Bryfogle's contention that the district court abused its discretion by entering a vexatious litigant order. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Linda Anne Taraldson signed the notice of appeal in No. 96-15346, she has failed to file a brief. Because Taraldson failed to timely file a brief, we dismiss Taraldson as a party to this appeal. See Ninth Cir.R. 42-1
 
 
 [2]
 The appellees' requests for attorneys' fees and costs are denied without prejudice. See Fed.R.App.P. 38. Bryfogle's motions to file supplemental citations and motion for clarification are denied