**Dianne Mannion WEPSIC, Plaintiff–Appellant,**

v.

**BANKERS TRUST COMPANY OF CALIFORNIA, N.A.; et al., Defendants–Appellees.**

No. 00–57214.

D.C. No. CV–99–01664–MLH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 14, 2001.

Before KLEINFELD, MCKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

Dianne Mannion Wepsic appeals pro se the district court's dismissal[1] of her loan

---

\* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Wepsic's motion for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

1. Wepsic does not challenge summary judgment for defendants on her claims for violations of an automatic bankruptcy stay and the Federal Fair Debt Collection Practices Act.

rescission action filed pursuant to the Truth–in–Lending Act ("TILA"), 15 U.S.C. § 1635(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir.1995), and we affirm.

Because Wepsic failed to file her action within three years of the consummation of her loan, the district court properly dismissed her TILA claim seeking rescission of the loan. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

The district court did not abuse its discretion by not exercising supplemental jurisdiction over her state law claims because the court dismissed all claims over which it had original jurisdiction. *See Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1555–56 (9th Cir.1994).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.