**Frank SCOGNAMILLO, et al.,
Plaintiffs—Appellants,**

**v.**

**CREDIT SUISSE FIRST BOSTON,
et al., Defendants,**

**and**

**West Shell, III, etc., et al.,
Defendants–Appellees.**

**No. 05–17343.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 20, 2007.

Leo R. Beus, Esq., Quinton F. Seamons, Esq., Kenneth L. Mann, Esq., Beus Gilbert, PLLC, Scottsdale, AZ, Robert S. Green, Esq., Elizabeth C. Guarnieri, Esq., Green Welling, LLP, San Francisco, CA, for Plaintiffs–Appellants.

Robert B. McCaw, Esq., Wilmer Cutler Pickering Hale & Dorr, LLP, Justin S. Anand, Esq., Cleary, Gottlieb, Steen &

Hamilton, New York, NY, Don Bivens, Esq., Meyer Hendricks, PLLC, Joel P. Hoxie, Esq., Snell & Wilmer, LLP, Phoenix, AZ, Stephen D. Hibbard, Esq., Shearman & Sterling, LLP, Kenneth G. Hausman, Esq., Howard Rice Nemerovski Canady Falk & Rabkin, San Francisco, CA, for Defendants.

David T. Vanalek, Esq., Stephen S. Mayne, Esq., Amy B. Briggs, Esq., Steefel, Levitt and Weiss, Joseph Edward Floren, Esq., Morgan Lewis & Bockius, LLP, San Francisco, CA, Maureen Beyers, Esq., Osborne & Maledon PA, Phoenix, AZ, Daniel J. Bergeson, Esq., Caroline McIntyre, Esq., Benjamin J. Holl, Esq., Bergeson, LLP, San Jose, CA, for Defendants–Appellees.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and KORMAN *, Senior Judge.

## MEMORANDUM **

This is an appeal from an order dismissing the complaint against John F. Longinotti and West Shell, III. The complaint contained causes of action for fraud and negligent misrepresentation, and a number of causes of action under the California Corporations Code.

We review de novo the district court's decision to dismiss appellants' claims. *See Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir.1995). We review the district court's decision not to grant appellants leave to amend under the abuse of discretion standard. *See In re Vantive Corp. Secs. Litig.*, 283 F.3d 1079, 1097–98 (9th Cir.2002).

We assume familiarity with the facts of this case. Appellants' causes of action of fraud and negligent misrepresentation were properly dismissed because appellants failed to plead loss causation. Moreover, the causes of action under the California Corporations Code were properly dismissed because they are barred by the one year statute of limitations. Cal. Corp.Code § 25506(a). Indeed, although the complaint makes clear that the alleged misrepresentations came to light shortly after the UVN–Netcentives merger, the complaint was not filed until nearly two years after the merger.

Nor did the district court judge abuse his discretion by refusing to grant appellants further opportunities to amend their complaint. Appellants had numerous opportunities to amend their complaint and to explain their claims to the district court judge. In light of these opportunities, the district court judge did not abuse his discretion in determining that any further amendment would be futile.

AFFIRMED.

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.