**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAM E. JONES, | No. 08-35654 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00015-BLG-RFC |
| v. | |
| DEACONESS BILLINGS CLINIC; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted February 16, 2010 [**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Sam E. Jones appeals pro se from the district court's order dismissing without prejudice his action alleging medical malpractice and a violation of the Hill-Burton Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

RA/Research

de novo, *Stone v. Travelers Corp.*, 58 F.3d 434, 436-37 (9th Cir. 1995), and we affirm.

The district court properly dismissed Jones's medical malpractice claims because the record indicates that he failed to exhaust his administrative remedies required under state law. *See* Mont. Code Ann § 27-6-791 ("No malpractice claim may be filed in any court against a health care provider before an application is made to the panel and its decision is rendered.").

The district court properly dismissed Jones's claim under the Hill-Burton Act because he failed to allege facts suggesting that the clinic, rather than a third party, discriminated against him. *See* 42 C.F.R. § 124.9 (providing that medical facilities receiving federal grants shall not discriminate based on race, *inter alia*); *see also Caviness v. Horizon Cmty. Learning Ctr*, 590 F.3d 806, 812 (9th Cir. 2010) (claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Jones did not object to  he magistrate judge's order denying his motion for a transfer of venue and thus forfeited his right to challenge it on appeal. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173-74 (9th Cir. 1993)

(concluding that a party who fails to timely object to a magistrate judge's nondispositive order forfeits the right to raise the issue on appeal).

Jones's remaining contentions are unpersuasive.

**AFFIRMED**.