**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIOVANNI RAMIREZ, an individual, | No. 13-55028 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08138-GAF-PLA |
| v. | |
| CITY OF LOS ANGELES, a public entity; CHARLIE BECK, Individually and in his official capacity as Chief of the Los Angeles Police Department, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 6, 2015[**]
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: MELLOY,[***] BYBEE, and IKUTA, Circuit Judges.

On March 31, 2011, Bryan Stow was severely beaten in the parking lot of Dodgers Stadium. About two months after the incident, the Los Angles Police Department (LAPD) identified Appellant Giovanni Ramirez as the prime suspect. They arrested Ramirez, who was then on parole, and searched his home for evidence connecting him with the beating. Over the course of the LAPD investigation, the Department Chief, Charlie Beck, issued several public statements indicating that Ramirez was their "prime suspect" and "the right guy." The investigation concluded after three months and Ramirez was declared "factually innocent." No charges were ever filed against Ramirez.

This 42 U.S.C. § 1983 case, which Ramirez filed against the City of Los Angeles, Chief Beck, and several Doe defendants, asserts two claims: (1) that Chief Beck and LAPD officers violated Ramirez's Fourth Amendment rights when they searched his home for evidence connecting him to the Stow beating; and (2) that Chief Beck's public comments regarding Ramirez violated his right to due process. The Defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). The district court granted the

---

[***] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

motion to dismiss the Fourth Amendment claim with leave to amend and the due process claim without. Ramirez voluntarily dismissed his action pursuant to Federal Rule of Civil Procedure 41(a)(1), and this appeal followed.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6). *Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir. 1995). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the reasons set forth below, we affirm.

First, Ramirez complains that LAPD officers, at the direction of Chief Beck, violated the Fourth Amendment when the officers conducted a parole search for evidence related to the Stow beating, and that this search was arbitrary, capricious, or harassing. *See Samson v. California*, 547 U.S. 843, 856 (2006) (recognizing California's prohibition on arbitrary, capricious, or harassing parole searches). Ramirez's claim that the officers used a "subterfuge parole search" to search for evidence connecting Ramirez to the Stow beating fails to state a cognizable claim. Even if the officers had not had a warrant authorizing the search of Ramirez's residence—which Ramirez's own complaint acknowledged they had—the Supreme Court has explained that police officers may conduct warrantless parole searches to look for evidence of general criminal activity, even if they have no

3

reasonable suspicion. *Id.* Moreover, searching for evidence of criminal activity constituted a legitimate law enforcement purpose, which forecloses the claim that the search was arbitrary, capricious, or harassing. *See In re Anthony S.*, 4 Cal. App. 4th 1000, 1004 (Cal. Ct. App. 1992) (explaining that a search is arbitrary if "the motivation [for the search] is unrelated to . . . legitimate law enforcement purposes").

Second, Ramirez argues that Chief Beck's statements to the media violated Ramirez's "well-established constitutional right to the due process of law to not have evidence fabricated or false statements [sic] against him in order to prejudice a criminal case against him." There is no such right. While this Court has recognized a right not be criminally charged on the basis of fabricated evidence, *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc), the district court properly dismissed this claim because Ramirez was never criminally charged.

We decline to address Ramirez's claim for malicious prosecution because this claim was not alleged in the complaint.

**AFFIRMED**.

4