FRED R. AMSLER, M.D., P.C., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fred R. Amsler, M.D., P.C. v. Commissioner
Docket No. 29664-91
United States Tax Court
T.C. Memo 1993-114; 1993 Tax Ct. Memo LEXIS 112; 65 T.C.M. (CCH) 2168; March 29, 1993, Filed *112 For petitioner: William Randolph Klein. For respondent: Michael P. Corrado. DRENNEN
DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the 90-day period prescribed by section 6213(a). Petitioner contends the notice of deficiency is invalid because it was not mailed to petitioner's "last known address" pursuant to section 6212(b)(1), and that a copy of the notice was not sent to petitioner's representative pursuant to the power of attorney *113 on file with respondent. An evidentiary hearing was held on respondent's motion. Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes for the fiscal years 1986 through 1988.
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1986
$ 151,026
$ 7,551
[1]
--  --
$ 37,757
1987
127,308
-- --
$ 6,365
[1]
31,827
1988
133,651
-- --
6,683
[1]
33,413
Petitioner is a Pennsylvania corporation whose principal place of business was at Williamsport, Pennsylvania, at the time the petition was filed. Petitioner is a professional corporation through which Fred R. Amsler, individually, operated a medical practice as an orthopedic surgeon. The examination of petitioner's Forms 1120, U.S. Corporation Income Tax Returns, for the years at *114 issue was conducted by Donald Palm, an Internal Revenue Service (IRS) revenue agent. Mr. Palm was also involved in the examination of a number of Fred R. Amsler's individual returns. During the course of the corporate examination, in January 1990, Mr. Palm met with petitioner's representative at the time, Daniel Lukensaw, at petitioner's business office, 1201 Grampian Boulevard, Williamsport, Pennsylvania (the Grampian Boulevard address). Subsequently, in September 1990, a 30-day letter was mailed by the IRS to petitioner at the Grampian Boulevard address. In October 1990, a response to the 30-day letter was received by the IRS from William R. Klein, who is petitioner's attorney in this case, advising that no protest would be filed to the 30-day letter. At that time, Mr. Klein was not a duly authorized representative of petitioner under IRS Form 2848, Power of Attorney & Declaration of Representative. In December 1990, representatives for both parties held a meeting in Atlanta, Georgia, the main topic of which was Dr. Amsler's individual returns. However, there was some discussion of who would be officially representing petitioner corporation before the IRS and the need for *115 petitioner to submit a properly executed IRS Form 2848, Power of Attorney and Declaration of Representative. The persons present at the meeting in Atlanta were: Robert Shilliday, Jr., an IRS special trial attorney; Mr. Palm, the IRS revenue agent who examined petitioner's returns; Mr. Klein, Dr. Amsler's individual representative; and George Famiglio, CPA, also an individual representative of Dr. Amsler. At this time, Mr. Klein and Mr. Famiglio did not know and, therefore, did not make known the fact that after March 1991, petitioner would have a different mailing address than the Grampian Boulevard address. In January 1991, Mr. Shilliday, the IRS attorney, received a Form 2848 designating Mr. Klein and Mr. Famiglio as attorneys-in-fact for petitioner. On the form, petitioner directed that "copies of all notices and all other written communications" addressed to the taxpayer be sent to Mr. Klein. The form also indicated that petitioner's address was the Grampian Boulevard address. Mr. Shilliday was to forward the Form 2848 to Mr. Palm, the IRS revenue agent; however, Mr. Palm did not receive the Form 2848 until months after the notice of deficiency was issued. In March 1991, *116 the medical offices where petitioner conducted its medical practice were moved from the Grampian Boulevard address to 1705 Warren Avenue, Williamsport, Pennsylvania (the Warren Avenue address). Petitioner's office administrator notified the U.S. Postal Service of the change in address in order to have petitioner's mail forwarded to the Warren Avenue address. Respondent, however, was not notified that petitioner's address had changed. Rather, petitioner's communications to respondent indicated that his address was still the same Grampian Boulevard address. On May 14, 1991, petitioner sent respondent an IRS Form 7004, Application for Automatic Extension of Time To File Corporation Income Tax Return, requesting an extension of the filing deadline for its tax year ending February 28, 1991. Petitioner's address on the Form 7004 was shown as the Grampian Boulevard address. "1201 Grampian Boulevard", was also the address reflected on the last corporate income tax return filed by petitioner on August 23, 1990, prior to issuance of the notice of deficiency. On June 28, 1991, respondent mailed the deficiency notice to petitioner by certified mail at the Grampian Boulevard address. Petitioner *117 did not receive the original deficiency notice that was mailed to the Grampian Boulevard address, but later obtained a copy of the notice after an assessment had been made against it. Even though petitioner never received the notice of deficiency, it was never returned to respondent by the U.S. Postal Service. On December 9, 1991, a petition was filed with this Court for a redetermination of petitioner's tax liability. The petition was filed 164 days after the deficiency notice had been mailed by respondent. It is well settled that, to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. ; ; . The Commissioner is authorized to send a notice of deficiency to a taxpayer by certified or registered mail if the Commissioner determines a deficiency in tax. Sec. 6212(a). Mailing the notice of deficiency to the taxpayer's last known address constitutes sufficient notice. Sec. 6212(b)(1). Once the notice *118 of deficiency has been mailed, the taxpayer has 90 days (150 days if addressed to a person outside the United States) within which to file a petition with this Court. Sec. 6213(a). Respondent mailed a notice of deficiency to petitioner at the Grampian Boulevard address by certified mail on June 28, 1991. Petitioner did not file a petition with this Court until December 9, 1991, a period of 164 days after the mailing of the notice of deficiency. Accordingly, if respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely since it was filed after expiration of the 90-day period. However, if jurisdiction is lacking because of respondent's failure to issue a valid deficiency notice, this Court will dismiss the case on that ground. , affd. without published opinion . It is well settled that a notice of deficiency is valid even if it is not received by the taxpayer. , affg. an unpublished Order of this Court; *119 ; , affd. without published opinion . Due to the administrative burdens of the IRS, Congress did not intend to require actual notice to the taxpayer. Rather, Congress permitted the use of a "safe harbor", a nonexclusive method of compliance, which will ordinarily result in such notice. . Accordingly, the statute is satisfied if the notice of deficiency is mailed to the taxpayer's "last known address". Sec. 6212(b)(1); Generally, the taxpayer's "last known address" is the address to which, in light of all surrounding circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . In determining a taxpayer's last known address, respondent is entitled to rely upon those documents that *120 are submitted by the taxpayer. . Respondent is entitled to rely on the address as it appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. . Petitioner contends that the 1705 Warren Avenue address was petitioner's last known address. However, petitioner's last corporate income tax return, Form 1120, filed before the issuance of the notice of deficiency, reflected the Grampian Boulevard address as petitioner's correct address. Moreover, the record reflects that all of petitioner's written communications to respondent before the notice of deficiency was issued listed petitioner's address as the Grampian Boulevard address. After respondent becomes aware of a taxpayer's change of address, respondent must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. ; , *121 affd. without published opinion . However, this obligation arises only if respondent becomes aware of an address change prior to mailing the deficiency notice. In petitioner's case, there is no evidence that respondent became aware of an address change prior to mailing the notice of deficiency. Only after the deficiency notice had been mailed did respondent receive one of petitioner's later returns reflecting a new address for petitioner, one in Sarasota, Florida. Even the power-of-attorney form executed by petitioner, designating Mr. Klein and Mr. Famiglio as its representatives, listed Grampian Boulevard as petitioner's address. Petitioner contends that Mr. Palm, as an agent for respondent, knew or should have known of petitioner's change of address due to advertisements and articles that appeared in a local newspaper. This argument is without merit and is not supported by the evidence. Prior to mailing the notice of deficiency, respondent was not notified by written or oral communication of a change in petitioner's address. Petitioner's notice to the U.S. Postal Service of the change of address is not sufficient *122 to constitute clear and concise notice to respondent. . Accordingly, we hold that respondent mailed a valid notice of deficiency to petitioner's last known address on Grampian Boulevard, thus satisfying the notice requirement of section 6212(b)(1). We are not persuaded by petitioner's argument that respondent erred in sending the notice of deficiency to petitioner at only the Grampian Boulevard address when, on the same date, notices of deficiencies were sent to Fred R. Amsler, individually, at a number of different addresses. Petitioner is a corporation, a separate and distinct entity, with its own corporate address. Thus, it was only logical and appropriate for respondent to mail the deficiency notice to the corporation's address rather than the address of Dr. Amsler, the individual who chose to operate his medical practice in the corporate form. . Accordingly, we find petitioner's argument to be without merit. Counsel for petitioner also argues that the notice of deficiency was never returned undelivered to respondent *123 because respondent's agents prevailed upon the U.S. Postal Service to deliver the notice of deficiency to the residence of Dr. Amsler. Petitioner postulates that respondent's agents had intended to minimize the chances that the person actually receiving the deficiency notice would refer it to petitioner or to Dr. Amsler, who had moved from that residence several years before. In support of this argument, petitioner points out that respondent's offices were in the same building in which a branch of the post office was located. Petitioner however, presented no other evidence to establish its contention which, at best, can only be characterized as pure speculation. Therefore, we also reject this argument. Respondent established, by appropriate evidence, the fact that the notice of deficiency was mailed on June 28, 1991, to the Grampian Boulevard address. [2] As discussed above, this is sufficient to satisfy the statutory mailing requirements of section 6212(b)(1). *124 Petitioner's other arguments address the undisputed fact that neither the original nor a copy of the notice of deficiency was mailed to a representative of petitioner, even though the power of attorney directed that copies of the notice of deficiency be sent to petitioner's representative. The fact that the notice of deficiency is not mailed to a taxpayer's representative, as directed in power of attorney, is not fatal to the validity of the notice of deficiency. This Court has held that, even though the taxpayer directs that a copy of all communications be sent to the taxpayer's agent, a notice of deficiency is valid if it is mailed directly to the taxpayer at the taxpayer's last known address and no copy of the deficiency notice is sent to the taxpayer's agent as directed. ; ; ; . Sending copies of the statutory notice to representatives named in a power of attorney is merely a courtesy *125 to the taxpayer, not an obligation of the IRS, and in no way affects the mailing requirements of section 6212. ; . Finally, petitioner argues that it relied on representations made at the December 1990 meeting that any further communications regarding petitioner would be mailed to Mr. Klein or Mr. Famiglio. Notwithstanding the fact that no evidence was presented to support this position, this Court's jurisdiction is strictly statutory, and the doctrine of estoppel cannot create jurisdiction where none exists. Sec. 7442; ; . In light of the above, we hold that respondent issued a valid notice of deficiency pursuant to section 6212(b)(1) and that the petition herein was not timely filed. Section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will *126 be entered.
Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩
2. The evidence presented to the Court was U.S. Postal Service Form 3877, reflecting postal service receipt, which represents direct documentary evidence of the date and the fact of mailing. . A properly completed U.S. Postal Service Form 3877 also reflects compliance with IRS established procedures for mailing deficiency notices. . Compliance with the Form 3877 mailing procedures raises a presumption of official regularity in favor of respondent. .↩