122 F.3d 1074
 80 A.F.T.R.2d 97-6532, 97-2 USTC P 50,676
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. SWANN, Plaintiff-Appellant,
v.
ALAMEDA COUNTY RETIREMENT ASSOCIATION; United States of
America, Defendants-Appellees.
 No. 96-16359.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted May 6, 1997.
Decided Sept. 2, 1997.
 
 Appeal from the United States District Court for the Northern District of California William H. Orrick, District Judge, Presiding
 Before: HUG, Chief Judge, CHOY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Swann appeals the district court's Rule 12(b)(6) dismissal in favor of Alameda County Retirement Association ("ACRA") and the Internal Revenue Service ("IRS"). Swann claims the IRS' notice of levy was procedurally invalid because a copy of the notice was not sent to his recognized representative.
 
 
 3
 Upon reviewing de novo the district court's dismissal for failure to state a claim for relief, see Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), we affirm on the basis that Swann can prove no set of facts that would entitle him to relief. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 
 4
 The IRS issues regulations describing its procedural rules and practices. Although the Internal Revenue Code only requires the IRS to give notice of levy to the taxpayer, see 26 U.S.C. § 6331(d) (1997), one such procedural regulation provides that "[a]ny notice or other written communication (or a copy thereof) required or permitted to be given to a taxpayer in any matter before the Internal Revenue Service must be given to the taxpayer and, unless restricted by the taxpayer, to the representative...." 26 C.F.R. § 601.506(a). However, it further states that "[f]ailure to give notice or other written communication to the recognized representative of a taxpayer will not affect the validity of any notice or other written communication delivered to a taxpayer." 26 C.F.R. § 601.506(a)(3).
 
 
 5
 Swann urges this court to read the inconsistent language as obligating the IRS to send notice to the taxpayer's representative. We decline to so hold. Such a holding would not only disregard the clear language of § 601.506(a)(3) but it would also run contrary to the opinion that the IRS' Statement of Procedural Rules is merely a procedural guideline for the IRS to follow and does not legally obligate the IRS to comply. See, e.g., Smith v. United States, 478 F.2d 398, 400 (5th Cir.1973) (failure to send notice to representative does not affect validity of notice to taxpayer); Amsler v. Commissioner, 65 T.C.M. (CCH) 2168 (1993) (notice is valid even if not sent to recognized representative so long as properly sent to taxpayer; IRS sends copy to taxpayer's representative as courtesy to taxpayer, not as an obligation of the IRS) (citing Houghton v. Commissioner, 48 T.C. 656, 661 (1967)).
 
 
 6
 AFFIRMED.
 
 HAWKINS, Circuit Judge, concurring:
 
 7
 This result, entirely proper in the Byzantine and user unfriendly world of tax collections, serves to lessen respect for an agency whose overall success badly depends on voluntary compliance. Where I come from, when you give your word, you keep it. The IRS gives a disabled taxpayer its word it will give his representative notice, then doesn't, and then contends its failure is of no moment. How sad.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3