T.C. Memo. 2008-30

UNITED STATES TAX COURT

JOHN E. AND SANDRA L. WEST, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5376-06L.                    Filed February 13, 2008.

<u>Stephen L. Christian</u>, for petitioners.

<u>Spencer T. Stowe</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>: Under section 6330, petitioners challenge
respondent's notice of determination sustaining respondent's levy
notice.

Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

The primary issue for decision is whether respondent's Appeals Office abused its discretion in sustaining a notice of intent to levy relating to petitioners' outstanding 1993 Federal income taxes.

## Background

The facts of this case have been submitted fully stipulated under Rule 122 and are so found.

At the time the petition was filed, petitioners resided in Orange County, California.

Petitioners have a history of failing to timely pay estimated Federal income taxes due and failing to timely file their Federal income tax returns.

On April 24, 1998, petitioners and respondent agreed on an offer-in-compromise (OIC) on the grounds of doubt as to collectibility relating to approximately $148,350 in petitioners' unpaid 1993 Federal income taxes.[1] Among other things, respondent's acceptance of petitioners' OIC was contingent on petitioners': (1) Paying, within 60 days of respondent's acceptance of the OIC, to respondent $10,000 (OIC amount); (2) timely filing Federal income tax returns that became due during the 5-year period subsequent to their entering into the

---

[1] Because of a credit offset, petitioners' outstanding Federal income tax liability for 1995 (including interest, penalties, additions to tax, and interest) has been paid in full, and any issue herein relating to 1995 is now moot.

OIC or until the OIC amount was paid in full, whichever was longer (5-year compliance period); and (3) timely paying the taxes reported due on their Federal income tax returns filed during the 5-year compliance period. Specifically, paragraph (d) on petitioners' Form 656, Offer in Compromise, stated: "I/We will comply with all provisions of the Internal Revenue Code relating to filing my/our returns and paying my/our required taxes for 5 years from the date the IRS accepts the offer".

Under the express terms of the OIC, if petitioners failed to meet any of the express conditions of the OIC, respondent had the right to revoke the OIC and to attempt to collect from petitioners the full amount of petitioners' unpaid 1993 Federal income taxes.

On May 7, 1998, petitioners paid to respondent the $10,000 OIC amount. Petitioners' 5-year compliance period thus began when respondent accepted the OIC on April 24, 1998.

During the 5-year compliance period, petitioners, among other things, failed to pay estimated taxes, failed to timely file their tax returns, and/or failed to timely pay taxes reported due on their filed Federal income tax returns, as follows:

| Year | Petitioners Failed To |
|------|-----------------------|
| 1998 | Timely file their return<br>Timely pay the tax liability stated on the return |
| 1999 | Timely pay estimated taxes<br>Timely pay the tax liability stated on the return |
| 2000 | Timely pay the tax liability stated on the return |
| 2001 | Timely file their return<br>Timely pay the tax liability stated on the return |
| 2002 | Timely pay estimated taxes<br>Timely pay the tax liability stated on the return |

In April 2000, petitioners moved to a new address, but petitioners did not notify respondent of their change of address. Before this move, petitioners filed with respondent IRS Form 2848, Power of Attorney and Declaration of Representative, in which petitioners directed respondent to send to petitioners' representative copies of any correspondence sent to petitioners.

Petitioners' 2000, 2001, and 2002 Federal income tax returns filed with respondent continued to show petitioners' old address and did not show the new address to which petitioners moved in April 2000. Petitioners did not otherwise notify respondent of their new address until sometime after March 2004.

From November 2002 through January 2004, respondent sent to petitioners (at the old address shown on petitioners' 2000, 2001, and 2002 Federal income tax returns; namely, 23382 Via Chirpia, Mission Viejo, CA) at least seven notices relating to various

late filing and late payment additions to tax and penalties that respondent had assessed against petitioners relating to petitioners' 2000, 2001, and 2002 Federal income tax returns and warning petitioners of the potential for default on the OIC that had been entered into if petitioners did not pay the various additions to tax and penalties that had been assessed against them.

Specifically, in November 2003, respondent mailed to petitioners at their Via Chirpia, Mission Viejo, address a notice alerting petitioners that the OIC was subject to likely termination if petitioners' outstanding additions to tax and penalties for 2001 and 2002 were not paid.

In January 2004, respondent mailed to petitioners (at the Via Chirpia, Mission Viejo, address) a notice of default on the OIC, informing petitioners that the OIC was terminated.

On June 18, 2005, respondent mailed to petitioners a notice of intent to levy and a notice of petitioners' right to a hearing relating to the approximate $148,350 balance of petitioners' unpaid 1993 Federal income taxes.

On July 21, 2005, petitioners filed a Form 12153, Request for a Collection Due Process Hearing, with regard to respondent's notice of intent to levy, in which petitioners requested that respondent reinstate the OIC.

On January 6, 2006, an Appeals Office hearing was held by telephone conference among respondent's Appeals Office, petitioners, and petitioners' attorney.

On February 8, 2006, respondent's Appeals Office issued to petitioners a notice of determination sustaining respondent's levy notice.

In the notice of determination, respondent's Appeals Office indicated that because petitioners had defaulted on the OIC and because petitioners had not provided any financial or other information applicable to other collection alternatives, respondent's levy notice was sustained.

## Discussion

Because the underlying tax liability is not in dispute, we review the actions of respondent's Appeals Office for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000). Abuse of discretion occurs where the actions of the Commissioner's Appeals Office are arbitrary or capricious, lack sound basis in law, or are not justifiable in light of the facts and circumstances. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Pursuant to section 6330(c)(3), respondent's Appeals Office must verify that the requirements of applicable law and administrative procedure have been met, consider issues raised by petitioners, and consider whether the proposed collection action

balances the need for the efficient collection of taxes with petitioners' legitimate concern that respondent's collection be no more intrusive than necessary.

In reviewing whether respondent's Appeals Office abused its discretion in sustaining respondent's notice of intent to levy, our analysis is governed by "general principles of contract law." See Dutton v. Commissioner, 122 T.C. 133, 138 (2004).

Under the "material breach of contract" analysis applied in Robinette v. Commissioner, 123 T.C. 85, 108 (2004), revd. 439 F.3d 455 (8th Cir. 2006), "If * * * [petitioners'] breach is material and sufficiently serious, * * * [respondent's] obligation to perform may be discharged. * * * Not so, however, if * * * [petitioners'] breach is comparatively minor."

On appeal, the Court of Appeals for the Eighth Circuit noted that the failure to comply with an express condition of an OIC is itself grounds for the Commissioner to revoke the OIC, regardless of materiality. Robinette v. Commissioner, 439 F.3d at 462.

Generally, for purposes of section 6330, a notice mailed to the taxpayer's "last known address" is proper and sufficient. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Buffano v. Commissioner, T.C. Memo. 2007-32. In determining petitioners' last known address, unless otherwise notified respondent may rely upon petitioners' most recently filed return. See Abeles v.

Commissioner, 91 T.C. 1019, 1025 (1988); Brown v. Commissioner, 78 T.C. 215, 219 (1982).

Petitioners argue that petitioners' failure timely to file tax returns, to pay estimated taxes, and to pay the various additions to tax and penalties assessed against them during the 5-year compliance period did not constitute a material breach of the OIC and did not justify respondent's revocation of the OIC and therefore that respondent's Appeals Office abused its discretion in sustaining respondent's notice of intent to levy.

We disagree. The numerous instances of petitioners' failure to keep their tax obligations current during the 5-year compliance period constitute, under any standard, a significant and material breach of the requirements of the OIC.

We need not address different standards that, in other cases, might be considered and that might be applicable. See Nq v. Commissioner, T.C. Memo. 2007-8.

Respondent mailed to petitioners a number of notices alerting petitioners to the potential for default on the OIC and giving petitioners opportunity to bring current their tax and other payments due.

Although petitioners moved to a new address, petitioners failed to apprise respondent of their new address, and respondent cannot now be faulted for mailing the notices to the address shown on petitioners' tax returns. Petitioners, not respondent,

must bear the consequences of petitioners' failure to properly file their tax returns with, or otherwise apprise respondent of, petitioners' new address.

Petitioners argue that respondent should have, but did not, mail to petitioners' representative a copy of the various dunning letters. Failure of respondent to mail to petitioners' representative a copy of a notice that was mailed to petitioners provides no basis to reject respondent's collection action in this case. See Amsler v. Commissioner, T.C. Memo. 1993-114 (notice generally will be valid even when a copy is not mailed to a taxpayer's representative so long as properly mailed to the taxpayer); Foster v. Commissioner, T.C. Memo. 1982-115 (citing Houghton v. Commissioner, 48 T.C. 656, 661 (1967)).

Because of petitioners' repeated violations of the conditions of the OIC, respondent's Appeals Office did not abuse its discretion in sustaining the notice of intent to levy. Other arguments petitioners make herein have been considered and rejected.

To reflect the foregoing,

Decision will be entered

for respondent.