125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Evans TAYLOR, Plaintiff-Appellant,
v.
Dennis CLARK, Clothing Supervisor, Calipatria State Prison,
Defendant-Appellee.
 No. 96-56597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Sept. 24, 1997.
 
 Appeal from the United States District Court for the Southern District of California John S. Rhoades, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Evans Taylor, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant in his 42 U.S.C. § 1983, we well as its earlier Fed.R.Civ.P. 12(b)(6) dismissal of several claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the dismissal of Taylor's claims under Fed. Fed.R.Civ.P. 12(b)(6). See Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). A complaint should not be dismissed unless the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995); see also Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 4
 We review de novo the district court's grant of summary judgment in favor of defendant Clark. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1996). If the moving party does not bear the burden of proof at trial, he may discharge his burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325.
 
 I. FIRST AMENDMENT
 
 5
 In his second amended complaint, Taylor alleged that he was discharged from his prison laundry job in retaliation for his filing of inmate grievances. Taylor, however, did not allege that defendant Clark was responsible for Taylor's discharge despite the fact that the district court specifically notified him of this deficiency in its dismissal of his first amended complaint. Accordingly, we affirm the district court's dismissal of this claim. See gen. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (noting that plaintiff must establish causal connection between defendant's action and the harm allegedly suffered).
 
 II. DUE PROCESS CLAIMS
 
 6
 In his second amended complaint, Taylor alleged that his due process rights were violated because Clark "disregarded" two grievances filed by him and because his job was terminated. To the extent the due process claim was based on Taylor's job termination, the district court dismissed for failure to state a claim because Taylor failed to allege Clark was responsible for the termination. With regard to Clark's alleged failure to respond to Taylor's grievances, the district court granted summary judgment in favor of Clark because (1) Taylor submitted no evidence that Clark had failed to comply with the inmate appeal process and (2) Taylor did not have a protected liberty interest in the inmate grievance procedure. We affirm the dismissal of Taylor's due process claim on the grounds that he had no protected liberty interest in the prison grievance procedure. See Sandin v. Connor, 115 S.Ct. 2293, 2300 (1995) (noting that liberty interests "are generally limited to freedom from restraint") (emphasis added); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (concluding there is no legitimate claim of entitlement to a prison grievance procedure).
 
 III. EQUAL PROTECTION
 
 7
 In his second amended complaint, Taylor alleged that Clark had violated his equal protection rights by: (1) terminating him from his position; (2) sexually and verbally harassing Taylor; and; (3) assigning Taylor more undesirable work than his white coworker.
 
 
 8
 The district court dismissed for failure to state a claim with regard to the first and second allegations because Taylor had failed to allege that Clark was responsible for his discharge and because Taylor had not alleged that the other coworkers were free from Clark's "homosexual harassment." We agree that Taylor failed to state an equal protection claim. See Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 264 (1977) (plaintiff seeking to show violation of equal protection clause must prove discriminatory intent or purpose). Nor did Taylor otherwise state a cognizable claim with these allegations. See Keenan v. Hall, 83 F.3d 1083, 1092 (1996) (verbal harassment is not cognizable as a constitutional deprivation under section 1983); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987).[1]
 
 
 9
 The district court granted summary judgment in favor of Clark with regard to the third set of allegations on the grounds that Taylor had failed to point to specific evidence that (1) Clark's actions were motivated by an invidiously discriminatory purpose or (2) that they had a discriminatory effect. We agree that in light of Taylor's admissions during the taking of his deposition as well as the conclusory nature of his allegations, there was an "absence of evidence" to support his claim that Clark's administration of the prison clothing facility denied Taylor equal protection under the law. See Celotex, 477 U.S. at 325; Arlington Heights, 429 U.S. at 264.
 
 
 10
 The district court's dismissal of Taylor's section 1983 action is therefore
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Taylor is attempting to allege a separate sexual harassment claim under Title VII, Clark was entitled to qualified immunity on the ground that any such right was not "clearly established." See Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir.1997) (inmate's right to be free from same-sex harassment of laundry supervisor not "clearly established" at time of conduct)