125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel VON CRONEY, Plaintiff-Appellant,
v.
Janet RENO, U.S. Attorney General; Aloysius Andrew Hauk,
Senior U.S. District Court Judge; Nora M. Manella, U.S.
Attorney; Lennart Jon Pearson, Assistant U.S. Attorney;
Paul Smith, Deputy Clerk, U.S. District Court for the
Central District of California; United States of America,
Defendants-Appellees.
 No. 96-56436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Sept. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California Ronald S.W. Lew, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel Von Croney appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action alleging that U.S. Attorney General Janet Reno, District Judge Andrew Hauk, U.S. Attorney Nora Manella, Assistant U.S. Attorney Lennart Jon Pearson, and Courtroom Deputy Clerk Paul Smith conspired to deprive Von Croney of his constitutional rights in the course of Von Croney's prior action over which Judge Hauk presided. Von Croney brought this action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, see Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and we affirm.
 
 
 3
 The district court properly dismissed this action against Judge Hauk, the Assistant U.S. Attorney, and the Courtroom Deputy Clerk because they were absolutely immune from suit. See Mireles v. Waco, 502 U.S. 9, 11-13 (1991) (per curiam) (judicial immunity); Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991) (government-attorney immunity); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (judge-like functions immunity).
 
 
 4
 The district court also properly dismissed this action against the Attorney General and the U.S. Attorney because the doctrine of respondeat superior is inapplicable to Bivens actions. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991).
 
 
 5
 Because it was clear that the deficiencies of Von Croney's complaint could not be cured by amendment, the district court properly dismissed the complaint without leave to amend. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995).
 
 
 6
 Von Croney's remaining contentions are without merit.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3