**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON RAISER,  Plaintiff-Appellant,  v.  CITY OF LOS ANGELES; BOB STRESAK, Director, California Commission on Peace Officer Standards and Training, official capacity,  Defendants-Appellees. | No. 15-55487  D.C. No. 2:14-cv-04809-RGK-RZ  MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 21, 2017**

Before:    SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Aaron Raiser appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations arising out of various

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Raiser's requests for oral argument, set forth in his opening and reply briefs, are denied.

stops performed by Los Angeles Police Department officers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Stone v. Travelers Corp.*, 58 F.3d 434, 436-37 (9th Cir. 1995). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Raiser's claims against defendant Stresak in his official capacity because Stresak was entitled to Eleventh Amendment immunity. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (Eleventh Amendment bars suits against state officials sued in their official capacities absent unequivocal consent by the State).

The district court properly dismissed as moot Raiser's claims for declaratory and injunctive relief with respect to Los Angeles Municipal Code § 85.02 because § 85.02 was struck down as unconstitutionally vague. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1155-57 (9th Cir. 2014); *see also Am. Cas. Co. of Reading v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy to which relief can be granted).

The district court properly dismissed Raiser's Claim 2 for injunctive relief against defendant City of Los Angeles ("City") because Raiser's allegation that he was likely to be subjected to future constitutional violations was too speculative. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983) ("[T]o establish an actual controversy," the plaintiff was required to "allege that he would have another encounter with the police," and "either, (1) that all police officers in [the City] always [engage in the same, specific unlawful conduct against] any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner." (emphasis omitted)).

The district court properly dismissed Raiser's equal protection claim because Raiser failed to allege facts sufficient to show that he was treated differently from similarly situated individuals, or discriminated against based on his membership in a protected class without a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (elements of an equal protection "class of one" claim); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order) (elements of an equal protection claim based on membership in a protected class).

The district court properly dismissed Raiser's excessive force claim because

3                                                                    15-55487

Raiser failed to allege facts sufficient to show that defendants used excessive force against him. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (setting forth standard for claim of excessive force); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences).

The district court properly dismissed Raiser's medical deliberate indifference claim because, under any applicable standard, Raiser failed to allege facts sufficient to state a claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to a prisoner's health); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (explaining that pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standard applies); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (elements of Fourteenth Amendment pretrial detainee failure-to-protect claim). Further, the district court did not abuse

its discretion in dismissing this claim without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Dismissal of Raiser's remaining Fourth Amendment claims was proper because Raiser failed to allege facts sufficient to establish that any constitutional deprivation resulted from an official policy, practice, or custom. *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) ("[M]unicipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'").

We do not consider Raiser's arguments related to Appeal No. 15-55488, or the district court proceeding underlying Appeal No. 15-55488, because those issues are outside of the scope of this appeal.

Defendants' motion to take judicial notice (Docket Entry No. 39) is denied as unnecessary.

**AFFIRMED.**

15-55487